UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DARRELL LAMONT ALGERE** | **CIVIL ACTION NO. 6:13-cv-2536** |
| LA. DOC #330307 | |
| VS. | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Darrell Lamont Algere, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 22, 2013. Petitioner attacks his 2008 convictions for attempted second degree murder and being a felon in possession of a firearm, his adjudication has a multiple offender, and the 75 year sentence imposed by the Sixteenth Judicial District Court, Iberia Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On May 13, 2008 petitioner was found guilty as charged of attempted second degree murder and possession of a firearm by a convicted felon.  On June 23, 2008 he was sentenced to serve 40 years at hard labor on the attempted murder charge.  Thereafter on August 5, 2008 he was adjudicated a second felony offender. The sentence was vacated and he was sentenced to serve 75 years at hard labor.  In separate appeals petitioner sought review of his conviction and

sentence and his multiple offender adjudication and sentence.  In case number KA 08-1443 petitioner appealed the 40 year sentence imposed on his attempted murder conviction as excessive. [Doc. 1-3, pp. 1-10] In case number KA 09-00085 he appealed his multiple offender adjudication and sentence.

On June 3, 2009 the appeal of the 40 year sentence imposed on the attempted murder conviction was dismissed as moot and the matter was remanded for sentencing on the firearms charge. *State of Louisiana v. Darrell Lamont Algere*, 2008-1443 (La. App. 3 Cir. 6/3/2009), 10 So.3d 895 (Table).  On the same date the Court of Appeals affirmed his adjudication and sentence on the multiple offender charge. *State of Louisiana v. Darrell Lamont Algere*, 2009-0085 (La. App. 3 Cir. 6/3/2009), 10 So.3d 896 (Table). Petitioner sought review of case number 2008-1443 in the Supreme Court and on March 26, 2010 his writ application was denied. *State of Louisiana v. Darrell Lamont Algere*, 2009-1678 (La. 3/26/2010), 29 So.3d 1248.  He did not seek further direct review in the United States Supreme Court.

On March 25, 2011 he filed a *pro se* application for post-conviction relief in the Sixteenth Judicial District Court. He argued claims of ineffective assistance of trial and appellate counsel and a claim concerning the failure of the trial court to record and transcribe bench conferences that occurred during trial. [Doc. 1-3, pp. 11-43] On May 3, 2011 his application was denied by the trial court. [Doc. 1-3, pp. 44-47] His application for writs on collateral review were denied by the Third Circuit Court of Appeals on June 25, 2012 [*See State of Louisiana v. Darrell Lamont Algere*, KH 11-00874, Doc. 1-3, p. 48] and then by the Louisiana Supreme Court on November 21, 2012. *State of Louisiana ex rel. Darrell Lamont Algere*, 2012-1684 (La. 11/21/2012), 102 So.3d 56.

Petitioner's *habeas* petition, dated August 20, 2013, was filed on August 22, 2013.

*Law and Analysis*

*1. Timeliness under § 2244(d)(1)(A)*

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v.*

---

[1] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right, or the recent discovery of the facts his petition is premised upon.

3

*Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals and when that court affirmed his conviction and sentence, petitioner sought further direct review in the Louisiana Supreme Court. The Louisiana Supreme Court denied writs on direct review on March 26, 2010. *State of Louisiana v. Darrell Lamont Algere,* 2009-1678 (La. 3/26/2010), 29 So.3d 1248. Petitioner did not seek further direct review in the United States Supreme Court; therefore, his judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days later or, on or about June 26, 2010 when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying his petition for *certiorari* to file a petition for a writ of *certiorari*. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)). Thus, the AEDPA limitations period began to run on June 26, 2010 and petitioner had one year, or until June 26, 2011 to file his *habeas corpus* petition.

Petitioner filed an application for post-conviction relief in the District Court on March 25, 2011 [Doc. 1-3, pp. 11-43] and was thus able to toll limitations from that date until November 21, 2012 when the Louisiana Supreme Court denied writs and terminated the State collateral attack. *State of Louisiana ex rel. Darrell Lamont Algere v. State of Louisiana*, 2012-1648 (La.

11/21/2012), 102 So.3d 56.  However, a period of 9 months elapsed untolled between June 26, 2010 (the date that petitioner's judgment of conviction became final under the AEDPA) and March 25, 2011 (the date petitioner filed his application for post-conviction relief in the District Court).  Thereafter, another 9 months elapsed untolled between November 21, 2012 (the date petitioner's post-conviction litigation was terminated by the Supreme Court's writ denial) and August 20, 2013 (the date petitioner filed the instant petition for *habeas corpus*).

It appears from the chronology supplied by petitioner that a period of approximately 18 months elapsed untolled between the date petitioner's judgment of conviction became final and the date he filed his *habeas* petition, and therefore the instant petition is time-barred.

## *2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* — U.S. —,  130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).


Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  The petitioner was not actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Of course, as instructed below, petitioner may object to this Report and Recommendation, and, if he does so, he should provide evidence and argument to establish that he is entitled to either equitable or statutory tolling of the limitations period.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana November 18, 2013.

_____
PATRICK J. HANNA
**UNITED STATES MAGISTRATE JUDGE**